FILED FOR RECORD
1/7/2015 3:10:11 PM
DISTRICT CLERK
HENDERSON COUNTY
Carmen Delgado

CV15-0014-173

NO. _____

| | | |
|---|---|---|
| **WAYLON WOODS**<br>**Plaintiff,** | § | **IN THE DISTRICT COURT** |
| | § | |
| | § | |
| **V.** | § | **HENDERSON COUNTY, TEXAS** |
| | § | |
| **COLONY SPECIALTY INSURANCE** | § | |
| **COMPANY** | § | 173RD |
| **Defendant.** | § | _____ **JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES, WAYLON WOODS, hereinafter called Plaintiff, complaining of and about

COLONY SPECIALTY INSURANCE COMPANY, hereinafter called Defendant, and for cause of

action would respectfully show unto the Court the following:

### DISCOVERY CONTROL PLAN

#### I.

Discovery in this cause of action is intended to be conducted under Level 2 of Rule 190.3,

Texas Rules of Civil Procedure.

### JURISDICTION AND VENUE

#### II.

Venue is appropriate in Henderson County pursuant to Section 1952.110 of the Texas

Insurance Code, in that this is the county in which all or a substantial part of the events or omissions

giving rise to the claim occurred.

Jurisdiction is appropriate in this Court in that this is a lawsuit seeking damages in excess of

the minimum jurisdictional limits of the district courts of the State of Texas.

EXHIBIT C-1

### PARTIES AND SERVICE

### III.

Plaintiff, WAYLON WOODS, resides in Tyler, Texas. The last three digits of the social security number of Plaintiff are 569. The last three digits of the driver's license number of Plaintiff are 057.

Defendant, COLONY SPECIALTY INSURANCE COMPANY, is a foreign company and may be served through its registered agent for service of process, National Registered Agents, Inc., 350 North Saint Paul Street, Suite 2900, Dallas, Texas 75201-4234, by the issuance of citation to said Defendant via certified mail, return receipt requested, by the District Clerk of Henderson County, Texas.

### FACTS

### IV.

At approximately 7:45 a.m. on October 25, 2013, Plaintiff was operating a 2007 Freightliner tractor trailer and traveling westbound on U.S. Highway 175 in Henderson County, Texas. Carrie Smith was operating a 1999 Nissan Maxima owned by Carl Isaacson traveling northbound on FM 2588 approaching the intersection with U.S. Highway 175. Suddenly and without warning, Carrie Smith failed to yield the right of way at the stop sign at the intersection of FM 2588 and State Highway 175, and proceeded into the intersection and into the path of Plaintiff, striking the Plaintiff's vehicle and subjecting Plaintiff to tremendous force.

### V.

Carrie Smith was negligent in various acts and omissions, which negligence was the proximate cause of the occurrence in question which includes, but is not limited to, the following:

EXHIBIT C-1

1.   Violating Section 545.151 of Vernon's Texas Statutes and Codes Annotated, Transportation Code, which reads in pertinent part:

   (a)   An operator approaching an intersection:

      (1)   shall stop, yield, and grant immediate use of the intersection in obedience to an official traffic-control device, including a stop sign or yield right-of-way sign; and

      (2)   after stopping, may proceed when the intersection can be safely entered without interference or collision with traffic using a different street or roadway.

2.   Failing to keep a proper lookout.
3.   Failing to timely apply brakes.
4.   Failing to control the vehicle.
5.   Failing to act and/or respond in a reasonable manner.
6.   Failing to control the speed of the vehicle.

Each of the foregoing acts of negligence was the proximate cause of the collision in question and the injuries and damages of Plaintiff.

VI.

On October 25, 2013, the date of the accident, Plaintiff was covered by insurance issued by Defendant. This policy included coverage for uninsured motorists. Plaintiff is a valid "covered person" under this policy as an insured.

Defendant was timely informed of the accident and that Plaintiff intended to claim under uninsured benefits. Plaintiff sought recovery for injuries sustained from Carrie Smith. Any recovery was insufficient to compensate Plaintiff. Plaintiff hereby seeks recovery for injuries under uninsured coverage.

Plaintiff has fully complied with all the conditions of the insurance policy prior to bringing this suit. All conditions precedent have been performed or have occurred. Nevertheless, Defendant

EXHIBIT C-1

has failed and refused, and still fails and refuses, to pay Plaintiff the benefits under this policy as it is contractually required to do.

### DAMAGES FOR PLAINTIFF

### VII.

As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff was caused to suffer and to endure anxiety, pain, and illness resulting in damages more fully set forth below.

As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff has incurred the following damages:

A.   Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident;

B.   Reasonable and necessary medical care and expenses which, in all reasonable probability, will be incurred in the future;

C.   Physical pain and suffering in the past;

D.   Physical pain and suffering which, in reasonable probability, will be suffered in the future;

E.   Mental anguish in the past;

F.   Mental anguish which, in reasonable probability, will be suffered in the future;

G.   Physical impairment in the past;

H.   Physical impairment which, in reasonable probability, will be suffered in the future;

I.   Loss of earnings in the past; and

J.   Loss of earning capacity which, in reasonable probability, will be incurred in the future.

EXHIBIT C-1

By reason of the above, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought.  In accordance with Texas Rule of Civil Procedure 47, Plaintiff seeks monetary relief of over $200,000 but not more than $1,000,000.

### PROPERTY DAMAGE

VIII.

Plaintiff has also suffered damages to his 2007 Freightliner tractor trailer as a result of this accident and Defendant's negligence and Plaintiff should be reimbursed for those damages as well as for the loss of use of his motor vehicle, along with any other property damage sustained in the accident.

### REQUEST FOR DISCLOSURE

IX.

Pursuant to and in accordance with *Rule 194* of the *Texas Rules of Civil Procedure*, you are requested to disclose, within fifty (50) days of service hereof, the information or material described in Rule 194.2(a) – (l).

### PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

EXHIBIT C-1

Respectfully submitted,

GOUDARZI & YOUNG, L.L.P.
P.O. Drawer 910
Gilmer, Texas 75644
Telephone:  (903) 843-2544
Facsimile:  (903) 843-2026

By: _____
     Marty Young
     State Bar No. 24010502
     Brent Goudarzi
     State Bar No. 00798218

goudarziyoung@goudarzi-young.com
ATTORNEYS FOR PLAINTIFF

EXHIBIT C-1