# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF TEXAS

# TYLER DIVISION

| | | |
|---|---|---|
| WAYLON WOODS | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| COLONY SPECIALTY | § | 6:15-CV-00139-MHS |
| INSURANCE COMPANY and | § | |
| ARGONAUT MIDWEST | § | |
| INSURANCE COMPANY | § | |
| | § | |
| *Defendants*. | § | |

## PLAINTIFF'S THIRD AMENDED COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Plaintiff Waylon Woods, complaining of Defendant Colony Specialty Insurance Company and Defendant Argonaut Midwest Insurance Company (hereinafter collectively referred to as "Defendants") and files this *Plaintiff's Third Amended Complaint* and would respectfully show the Court as follows:

## I.

## PARTIES

1. Plaintiff, Waylon Woods is an individual and citizen of the State of Texas.

2. Defendant Colony Specialty Insurance Company ("Colony") is a corporation incorporated under the laws of the State of Ohio, with its principal place of business in New York. Said Defendant has previously been served and filed an answer herein.

3. Defendant Argonaut Midwest Insurance Company ("Argonaut") is a corporation incorporated under the laws of the State of Illinois, with its principal place of business in Illinois. Said Defendant has filed an answer herein.

## II.

## JURISDICTION AND VENUE

4. Plaintiff is a citizen of the State of Texas. Defendants were doing business in Texas at the time of the occasion in question. The amount in controversy exceeds $75,000.00, exclusive of interest and costs. There is complete diversity among the parties. Therefore, pursuant to 28 U.S.C. § 1332, this Court has jurisdiction over this case. The amount in controversy exceeds, exclusive of interest and costs, the sum of Seventy-Five Thousand and No/100 Dollars ($75,000.00).

5. A substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in Henderson County, Texas. Venue in this Judicial District is therefore proper pursuant to 28 U.S.C. § 1391.

6. All conditions precedent to filing this suit have been performed.

## III.

## FACTUAL BACKGROUND

7. On or about October 25, 2013, Plaintiff was operating a 2007 Freightliner tractor trailer and traveling westbound on U.S. Highway 175 in Henderson, County, Texas. Carrie Smith was operating a 1999 Nissan Maxima owned by Carl Isaacson traveling northbound on FM 2588 approaching the intersection with U.S. Highway 175. Suddenly and without warning, Carrie Smith failed to yield the right-of-way at the stop sign at the intersection of FM 2588 and State Highway 175, and proceeded into the intersection and into the path of Plaintiff, striking the Plaintiff's vehicle and subjecting Plaintiff to tremendous force.

8. Carrie Smith' negligence was the proximate cause of Plaintiff's damages, which are in excess of the minimum jurisdiction of this Court.

9. At all times relevant herein, Plaintiff was covered by an automobile policy containing coverage for personal injuries caused by uninsured motorist; policy number AB8147488, issued by Defendants. Carrie Smith was an "uninsured motorist" as that term is defined by the insurance policy at issue.

## IV.

### *CAUSES OF ACTION*

### DECLARATORY JUDGMENT ACTION

10. Plaintiff hereby brings a claim under Tex. Civ. P. Rem. Code § 37, the Uniform Declaratory Judgments Act, Federal Rule of Civil Procedure 57, and 28 U.S.C §§ 2201 and 2202. Plaintiff requests that the Court determine the rights, status, and legal relations of the parties.

11. The Plaintiff was/is insured by a policy of insurance underwritten by the Defendant. Plaintiff has made a claim under the uninsured coverage of the insurance policy. Plaintiff was involved in an accident with and uninsured driver and Plaintiff contends that these damages exceed the amount of insurance held by the third party tortfeasor.

12. All conditions precedent to this claim have been satisfied.

13. The Plaintiff moves the Court to determine Carrie Smith's liability for the subject collision and the extent of the resulting damages that the Plaintiff would be able to recover from Mrs. Smith, and thereby the Defendants in this case.

14. More specifically, based on the foregoing facts, and pursuant to the policy of insurance in force and effect between Plaintiff and Defendants at the time of this incident, Plaintiff seeks a declaratory judgment that he is entitled to recover from Defendants his damages resulting from the motor vehicle collision, that those damages fall within the coverage afforded them under the policy of insurance with Defendants,

and specifying the amount of damages, attorney's fees, interest and court costs that Defendants are obligated to pay.

## V.

## CLAIM FOR BENEFITS/BREACH OF CONTRACT

15. At the time of the occurrence described above, Defendants were obligated to provide Uninsured Motorist ("UIM") benefits to Plaintiff, as the term is defined in the policy of insurance. Plaintiff timely and properly notified Defendants of the accident and the fact that his damages were caused by an uninsured motorist. Defendants are in possession of Plaintiff's medical bills, records and lost earning capacity information.

16. Plaintiff has fully complied with all of the conditions of the above-mentioned insurance policy prior to bringing this suit. All conditions precedent have been performed or have occurred. Nevertheless, Defendants have failed and refused, and still fails and refuses, to pay UIM benefits due under this policy, as it is contractually required to do so. Defendants have breached the UIM provision of the insurance contract by not paying all UIM benefits due to Plaintiff. Furthermore, Defendants have refused to pay even though it has tacitly acknowledged that its liability under the policy is clear by failing to pay even portions of the UIM benefits which are undisputed.

## VI.

## BAD FAITH

17. Defendants owe Plaintiff a common-law duty of good faith and fair dealing with respect to the handling of Plaintiff's insurance claims made the basis of this lawsuit

and Defendants' investigation of those claims. Defendants breached this duty of good faith and fair dealing and acted in bad faith when it, in a concerted course of action and omission, refused to pay insurance proceeds to Plaintiff pursuant to the insurance policy made the basis of this lawsuit. This breach was a proximate cause of damages to Plaintiff as more specifically set forth herein below. Plaintiff asserts that there was no reasonable basis for delaying or failing to investigate Plaintiff's claims for damages, and Defendants knew or should have known that there was no such reasonable basis to delay and fail to pay such claims.

18. Despite the fact that all conditions precedent to Plaintiff's recovery, including compliance with the terms and conditions of the subject policy, have been performed or have occurred, Defendants have failed and refused to pay Plaintiff the insurance proceeds owed in accordance with their contractual obligations, agreements, and representations. In fact, after such refusals to pay and investigate, Plaintiff was forced to file suit to seek the policy benefits to which they are entitled. Plaintiff sent repeated written notices of loss and made specific written demands for payment, which were refused. This failure to pay amounts owed under the policy of insurance was wrong, improper, and made knowingly.

19. Defendants knew that substantial damages had been caused to Plaintiff following the automobile collision with an uninsured motorist a covered loss under the policy yet knowingly refused to pay or properly investigate most or all of such damage. Such conduct constitutes bad faith.

20. Plaintiff alleges that Defendants failed to investigate Plaintiff's claims made the basis of this lawsuit in good faith, and instead knowingly and consciously set out from the beginning to compromise Plaintiff's claims and handle them in an adversarial manner.

21. Defendants' conduct has caused Plaintiff to suffer mental anguish and depression caused by Defendants' delays and wrongful denials of Plaintiff's claims, and Defendants and its employees either knew of this risk or should have known given the fact that Defendants represent to the general public that they have vast expertise in properly handling insurance claims.

22. Plaintiff also asserts that Defendants knowingly failed to institute proper training guidelines and procedures for investigating claims made the basis of this lawsuit and for training employees to properly handle claims. Plaintiff asserts that Defendants chose to pay as little as possible, to delay paying insurance claims, and to deny claims whenever possible in order to avoid paying legitimate insurance claims. Plaintiff also asserts that Defendants intentionally ignored evidence submitted by its insured, and has instituted a system whereby claims are devalued and adjusters are encouraged to settle claims for as little as possible rather than for the legitimate values of the same.

## VII.

## VIOLATIONS OF THE DECEPTIVE TRADE PRACTICES

## CONSUMER PROTECTION ACT

23.     Defendants violated the Texas Deceptive Trade Practices–Consumer Protection Act ("DTPA") with respect to the handling of Plaintiff's claims made the basis of this lawsuit.  Plaintiff purchased goods or services from Defendants in the form of the UIM insurance policy.  Plaintiff was a consumer in the transaction and relied on Defendants in purchasing the goods and services and the representations made by Defendants in the form of said insurance policy that Defendants would pay for losses thereby insured against and would adhere to the terms contained therein.  In failing to conduct a good faith investigation of Plaintiff's insurance claims, and in failing to pay Plaintiff the amounts owed under the policy of insurance for the covered losses sustained, Defendants violated the following provisions of the DTPA:

   a. Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has sponsorship, approval, status, affiliation, or connection which he does not have in violation of §17.46(b)(5);

   b. Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another in violation of §17.46(b)(7);

   c. Advertising goods or services with intent not to sell them as advertised in violation of §17.46(b)(9);

   d. Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law in violation of §17.46(b)(12); and

     e. Failing to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed in violation §17.46(b)(23).

24. Defendants, its employees and agents also engaged in "unconscionable action or course of action" by the acts and practices described above, which took advantage of the lack of knowledge, ability, experience, or capacity of the consumer to a grossly unfair degree in violation of §17.45(5), and made actionable pursuant to §17.50(a)(3). Specifically, Defendants failed to perform a reasonable investigation of Plaintiff's claims. In addition, Defendants intentionally misrepresented to Plaintiff that his claims had been fully and properly investigated. As alleged above, Plaintiff also asserts that, upon information and belief, Defendants undertake merely to "investigate" what amount is the lowest acceptable offer to its insured instead of ascertaining the actual or good faith estimated value thereof. Plaintiff's claims are additionally actionable herein due to Defendants' violations of the Texas Insurance Code, as described below.

25. As a result of Defendants' unconscionable course of action, Plaintiff has suffered actual/economic damages. Plaintiff seeks to recover for their mental anguish proximately caused by Defendants' unconscionable course of conduct. Plaintiff also seeks herein to recover attorney fees incurred during the prosecution of this case, including any appeals. Because Defendants intentionally and/or knowingly committed the acts, omissions, and misrepresentations complained of, Plaintiff seeks exemplary damages and/or statutory damages allowed by law.

## VIII.

## VIOLATIONS OF THE TEXAS INSURANCE CODE

26. Plaintiff presented his claims for benefits under his contract of insurance with Defendants. Defendants breached the duties prescribed by the Texas Insurance Code, including: misrepresenting a material fact or policy provision relating to the coverage at issue; failing to timely accept or reject Plaintiff's claims; failing to attempt, in good faith to effectuate prompt fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear; failing to promptly provide a reasonable explanation of the basis on the policy, in relation to the facts of applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim; failing within a reasonable time to affirm or deny coverage; refusing to pay a claim without conducting a reasonable investigation; misrepresenting material facts regarding the policy; knowingly misrepresenting to a claimant pertinent facts or policy provisions relating to coverage at issue; failing to acknowledge with reasonable promptness pertinent communications relating to claim arising under the insurer's policy; failing to adapt and implement reasonable standards from the prompt investigation of claims arising under the insurer's policies. These and other violations of §542.003 (formerly Article 21.21) and §542.055 through §542.058 (formerly Article 21.55) of the Texas Insurance Code entitle Plaintiff to recover, in addition to the damages alleged herein, reasonable attorney's fees and 18% of the total damage amount, pursuant to §542.060, in addition to the damages claimed above.

## IX.

## FRAUD AND NEGLIGENT MISREPRESENTATION

27. Defendants' acts and omissions during the sham investigation of Plaintiff's claims and failure to pay for covered losses under the terms of the insurance policy made the basis of this lawsuit constitute material misrepresentations that were known to Defendants when made and/or were made recklessly as a positive assertion without knowledge of the truth. These misrepresentations were also intended to be relied upon by Plaintiff and proximately caused injuries and damages to Plaintiff. More specifically, Defendants represented to Plaintiff that they would provide coverage for damages caused by uninsured motorists, when Defendants never intended to cover such loss. Defendants claim to offer coverage for its insured's personal injuries to which they are legally entitled to recover from uninsured motorists. In practice, Defendants offer insurance for "undisputed" injuries and proceeds to dispute the vast majority of such claims (or portions thereof). Plaintiff relied on the promise of coverage and secured the insurance policy, paying the agreed upon premiums therefore.

## X.

## CONDITIONS PRECEDENT

28. All of the conditions precedent to bringing this suit under the policy and to Defendants' liability to Plaintiff under the policy for the claims alleged have been performed or have occurred. Plaintiff has complied with all the terms and conditions of the policy for providing notice of their claims and proof of loss concerning their claims to

Defendants; nevertheless, such claims have not been paid. Such denials and refusals to pay waive any further compliance with said policy by Plaintiff and leave Plaintiff free to sue for those benefits to which they are entitled but were denied. In the alternative, Plaintiff alleges that as to any such terms, conditions, notices, or requirements, the Defendants waived them and are estopped from asserting them, and/or Plaintiff has substantially complied with them. Plaintiff makes the same allegations of waiver or estoppel to every defense, condition, or exclusion pleaded by Defendants, and as to each claim for breach of contract or statutory violation by Defendants.

## XI.

## ATTORNEYS FEES

29. As a result of Defendants' actions complained of in this Petition, Plaintiff was required to engage the services of the law firm of **Grant & Flanery, P.C.** Plaintiff therefore seeks reimbursement of reasonable attorney's fees, inasmuch as Plaintiff has been required to employ the undersigned attorney to file and prosecute this suit. Pursuant to the Texas Civil Practice and Remedies Code and Texas Insurance Code, Plaintiff hereby makes this written presentment of their claim for attorney fees.

# XII.

# PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that Defendants be cited to appear and answer herein, and that upon final hearing hereof, Plaintiff recovers the following:

a. Judgment against Defendants for actual damages in an amount in excess of the minimum jurisdictional limits of the Court;

b. Prejudgment interest, at the legal rate on damages that have been accrued by the time of judgment;

c. Interest after judgment at the legal rate per annum until paid;

d. Cost of suit;

e. Attorney's fees in a reasonable amount, together with conditional awards in the event of an appeal;

f. All statutory penalties as provided for by the Texas DTPA and the Texas Insurance Code; and

g. Such other relief, both general and special, legal and equitable to which he is entitled.

Respectfully submitted,

　　　/s/ *Matthew B. Flanery*　　　
**MATTHEW B. FLANERY** *Lead Attorney*
State Bar No. 24012632
**DARREN GRANT**
State Bar No. 24012723
**GRANT & FLANERY, P.C.**
216 W. Erwin, Suite 200
Tyler, Texas 75702
(903) 596-8080  (Telephone)
Matt@GFTexas.com

**MARTY YOUNG**
State Bar No. 24010502
**BRENT GOUDARZI**
State Bar No. 00798218
**GOUDARZI & YOUNG, LLP**
P.O. Drawer 910
Gilmer, Texas 75644
(903) 843-2544 (Telephone)
(903) 843-2026 (Facsimile)

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that I furnished a copy of the foregoing document on this 1st day of May, 2015 to opposing counsel via Electronic Filing Procedure.

    /s/ *Matthew B. Flanery*
MATTHEW B. FLANERY